**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THEO BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20CV1602 AGF |
| ) | |
| RIVERVIEW FPD and FRCP 23.2, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of *pro se* plaintiff Theo Brown's motion for leave to proceed *in forma pauperis* and civil complaint, along with various other filings. The Court will grant plaintiff leave to proceed *in forma pauperis*, and will dismiss this action without prejudice.

### Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the

plaintiff's other litigious conduct *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that, "if the essence of an allegation is discernible," then the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

This action is one of more than thirty civil actions that plaintiff has filed in this Court against government entities and officials. Those prior civil actions were dismissed because they were frivolous, malicious, and/or failed to state a claim upon which relief may be granted or because plaintiff failed to comply with Court orders. Plaintiff's propensity for filing frivolous and malicious complaints has been previously noted. *See, e.g., Brown v. Unknown McShane, et al.,* No. 4:13-cv-558-DDN (E.D. Mo. 2013); *Brown v. BHC (State Government Agency), et al.,* No. 4:10-cv-173-TIA (E.D. Mo. 2010); *Brown v. RICO Defendants*, No. 4:09-CV-158 JCH

(E.D. Mo. 2009); *Brown v. St. Louis Election Board*, No. 4:08-CV-1164 CAS (E.D. Mo. 2008); *Brown v. Missouri Division of Fire Safety*, No. 4:07-CV-1840 MLM (E.D. Mo. 2007).

When plaintiff initiated this action, he neither paid the civil filing fee nor filed an Application to Proceed in District Court Without Prepaying Fees or Costs. On February 16, 2021, this Court entered an order directing him to do one or the other and provided him with a copy of the form Application to Proceed in District Court Without Prepaying Fees or Costs. That form solicited, *inter alia*, specific information about plaintiff's finances relevant to the determination of his eligibility to proceed *in forma pauperis*.

On February 26, 2021, plaintiff filed a motion for leave to proceed *in forma pauperis* on a form other than the one the Court provided. The form that plaintiff chose to use did not solicit any information concerning his finances, nor did plaintiff provide any such information with the motion. Instead, he attached documents with no stated or apparent relationship to his eligibility to proceed *in forma pauperis*. He also attached a blank copy of the first page of the Application to Proceed in District Court Without Prepaying Fees or Costs form that the Court provided to him along with the February 16, 2021 order.[1] It therefore appears that plaintiff has willfully refused to complete the form supplied by the Court or otherwise provide information about his finances. Nevertheless, the Court will permit plaintiff to proceed *in forma pauperis* in this action and will conduct the required review of the complaint.

## The Complaint

The complaint at bar is handwritten on a form titled "Complaint and Request for Injunction." (ECF No. 1 at 1). Plaintiff indicates an intent to sue the Riverview Fire Protection

---

[1] While plaintiff submitted supplemental filings after filing this motion, he did not provide information about his finances.

3

District and another defendant identified as either "FRCP 23.2" or "Not Legal Board Member." Plaintiff cites federal statutes and other authorities as the basis for this action, including RICO and 42 U.S.C. § 1983, but he alleges no accompanying connection to facts or to any particular defendant.

The allegations in the complaint are often illegible, and those that are legible are erratic and nonsensical. Plaintiff avers that the events giving rise to his claims occurred in October of 2020 during "prior protracted case law litigation from low court to high court from state court to federal court & appeal . . .". *Id.* at 4. He identifies the facts underlying his claims as:

> [illegible] county [illegible] Homeowner Taxpayer voter his venue denied his right to seek invoke of his petition drive signer petition to invoke 47.310 [illegible] 321.030 & 321.390 321.090, 321.460 as proponent to form

*Id.* at 5. Plaintiff states that he was denied the right to form a new fire protection district, and he seeks "RICO Act injunctive relief on wrongdoers out to deprive me of my civil right under color of law Sect 1983 . . . his right to retire as Director Chapter 321 . . .". *Id.*

Attached to the complaint is a copy of a petition for name change that was filed by the Riverview Fire Protection District in the Circuit Court of St. Louis County. Also attached is a Charge of Discrimination plaintiff filed with the Missouri Commission on Human Rights to allege a "racist conspiracy to deprive[] black elected official township committee man since 2002 [illegible] 2020." (ECF No. 1-2). Plaintiff does not allege, nor does it appear, that this administrative charge relates to an employment matter. Similarly, plaintiff does not explain the relevance of the attachments to any claim he may be trying to assert.

After filing the complaint, plaintiff submitted four additional filings. (ECF Nos. 4, 8, 9 and 10). These filings consist of random documents, including a declaration of plaintiff's

4

candidacy for an elected position in the North County Fire & Rescue Fire Protection District, a complaint filed before the Administrative Hearing Commission, a Missouri Commission on Human Rights Charge of Discrimination form, a December 21, 2020 order from the Missouri Court of Appeals concerning a petition for writ of mandamus, a campaign flyer promoting plaintiff's candidacy in an April 6, 2021 election, a petition to nullify the results of an April 5, 2016 election, copies of emails, documents concerning the Castlepoint Missouri Fire Protection Association, an article concerning plaintiff's candidacy for the office of St. Louis County Executive, and other documents.

## Discussion

The Court has thoroughly reviewed and liberally construed the complaint and attached documents and concludes that this action must be dismissed because it is frivolous. The allegations in the complaint are often illegible, and those that are legible do not allege a claim under any legal theory. The same is true of the attachments to the complaint and the documents provided in the supplemental filings. Even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Stone*, 364 F.3d at 914-15.

It also appears that this action is malicious. As noted above, this action is one of many that plaintiff has filed in this Court against government entities and or officials, and plaintiff's propensity for filing frivolous and malicious lawsuits has been previously noted. It therefore appears that plaintiff has filed this action for the purpose of harassment, not to vindicate a cognizable right.*See Spencer,* 656 F. Supp. at 461-63 (an action is malicious when it is

undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right); *In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits); *Cochran*, 73 F.3d at 1316 (When determining whether an action is malicious, the Court need not consider only the complaint before it but may also consider the plaintiff's other litigious conduct).

Having considered the instant complaint as well as plaintiff's history of filing frivolous and malicious lawsuits and his failure to fully comply with the Court's February 16, 2021 order, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 6) is **GRANTED** to the extent plaintiff seeks leave to proceed *in forma pauperis* in this action and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of May 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE